IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANDREANA WHITLOW,

                Plaintiff,

v.                                             CIVIL ACTION NO.   2:15-cv-13675

C. O. PARKS, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiff's Motion for Leave to File an Amended Complaint [ECF No. 9]. The plaintiff filed this Motion on October 27, 2015, well in advance of the May 4, 2016 deadline for amendment of pleadings specified in the court's Scheduling Order [ECF No. 19]. For reasons appearing before the court, the motion is **GRANTED**.

Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to file an amended complaint and advises courts to "freely give leave when justice so requires." Leave to amend, "should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F. 3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F. 2d 503, 509 (4th Cir. 1986)). Futility should only preclude leave to amend "when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F. 2d at 510.

The plaintiff seeks to amend her complaint "out of an abundance of caution" to be "more elaborative" and to "provide a detailed factual account of the sexual abuses visited upon her" by the defendant Parks. Mot. Leave File Am. Compl. 2. Another defendant, the West Virginia Regional Jail and Correctional Facility Authority ("the Authority"), timely responded in opposition to the plaintiff's motion, arguing primarily that amendment should be denied as futile. Resp. Opp. Pl.'s Mot. Leave File Am. Compl. [ECF No. 10] ("Resp."). The Authority argues that even as amended, the plaintiff's Complaint fails to state a claim against the Authority that could survive a motion to dismiss. Mem. Supp. Resp. 2 [ECF No. 11]. Even if this were true, the Authority is only one of several defendants, and does not assert that the amended complaint would be clearly insufficient as to all defendants. The supplemental information elaborates on both the facts and legal foundations of the plaintiff's claims. Considering this, the court does not agree that amendment would be futile. Moreover, the court does not find that granting leave to amend would prejudice the defendants, as discovery is only just beginning and the amendment comes well within the timeframe set out in the Scheduling Order. Finally, the court detects no suggestion of bad faith on the part of the plaintiff in factually elaborating on her Complaint.

Thus, in accordance with Rule 15(a)(2)'s mandate to freely grant leave to amend, I **GRANT** the plaintiff's Motion for Leave to File an Amended Complaint [ECF No. 9].

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 8, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE